UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN R TUCKER, III** | * | CIVIL ACTION |
| | * | |
| **versus** | * | No. 16-3625 |
| | * | |
| **TRUSTMARK INSURANCE COMPANY, ET AL.** | * | SECTION "L" (2) |

### ORDER & REASONS

Before the Court is Plaintiff John Tucker's Motion to Remand. R. Doc. 8. The Court has reviewed the briefs and the applicable law, and the Court now issues this Order & Reasons.

### I. BACKGROUND

This case involves claims made by Plaintiff John R. Tucker arising from his alleged disability of narcolepsy. On or about October 6, 1994, Tucker purchased a step-rated disability income policy ("the Hartford policy") from Hartford Life Insurance Company ("Hartford"). R. Doc. 1-5 at 5. According to Tucker, Trustmark Insurance Company ("Trustmark") was the entity who serviced the policy Hartford issued to Tucker.

Tucker began to suffer from narcolepsy in either 2004 or 2009.[1] R. Doc. 1-5 at 6. Tucker claims that he was employed as a hospitalist by LSU Bogalusa Community Medical Center when he began to display symptoms.[2] R. Doc. 1-5 at 7. Tucker contends that LSU Bogalusa terminated him in 2010 on the grounds that his narcolepsy compromised his ability to perform his duties. R. Doc. 1-5 at 7. Shortly thereafter, Tucker began to collect $5,510.00 per

---

[1] Tucker's Complaint states that his condition began to occur in 2004, but his Motion to Remand avers that the reference to 2004 was a scrivener's error. Tucker attaches an Affidavit which he claims supports a 2009 onset of narcolepsy, but there is no reference to the onset of his condition in the affidavit. Nevertheless, a 2009 diagnosis of narcolepsy is somewhat more consistent with the timeline of Tucker's pleadings than a 2004 diagnosis.
[2] Aside from this reference, Tucker provides no dates of the key events regarding the termination of his employment with LSU Bogalusa.

1

month on the Hartford policy. R. Doc. 1-5 at 6. Five years later, Hartford scheduled an Independent Medical Examination ("IME") for Tucker. Tucker submitted to the IME on December 26, 2013.³ R. Doc. 1-5 at 6. Hartford discontinued Tucker's disability benefits on November 17, 2014, on the grounds that Tucker was bipolar as opposed to narcoleptic. R. Doc. 1-5 at 6.

On March 23, 2016, Tucker filed suit in Louisiana state court against Trustmark and Hartford, as well as the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College Health Care Services Division, on behalf of Bogalusa Medical Center ("LSU Bogalusa"). Tucker claims that Trustmark and Hartford breached the terms of the Hartford policy in terminating his disability benefits. R. Doc. 1-5 at 6–7. In the alternative, Tucker argues that if he is not disabled, he is entitled to return to his position at LSU Bogalusa. R. Doc. 1-5 at 7. Tucker avers that if he is not disabled, LSU Bogalusa breached his employment contract when it terminated his employment; however, the theory of liability as to LSU Bogalusa is somewhat unclear from the face of the Complaint. R. Doc. 1-5 at 8. Nonetheless, Tucker seeks a declaration from the Court regarding whether or not he is disabled. He argues that if he is disabled, he is entitled to disability benefits under the Hartford policy. If he is not disabled, he claims he is entitled to his position at LSU Bogalusa.

Hartford and Trustmark removed the action to federal court on April 22, 2016. At the time of removal, Hartford and Trustmark asserted diversity jurisdiction despite Tucker's claim against LSU Bogalusa, a Louisiana citizen. R. Doc. 1 at 3–7. Hartford and Trustmark claimed that the Court should find diversity jurisdiction on the grounds of improper joinder or *Tapscott*

---

³ Plaintiff's Petition is somewhat unclear regarding the timeline in this case. While they claim Tucker was terminated in 2010, and the medical exam was ordered in 2013, they also claim that Hartford paid Tucker's benefits for five years prior to termination.

misjoinder. R. Doc. 1 at 3–7. The Plaintiff moved to remand on basis of lack of diversity between all defendants.

On June 24, 2016, this Court issued an Order and Reasons, R. Doc. 26, addressing the Plaintiff's Motion to Remand. The motion raised three issues: sovereign immunity, misjoinder, and fraudulent joinder. Each was discussed in its Order. R. Doc. 26 at 5–6. The Court determined that while LSU Bogalusa is an arm of the state, and entitled to sovereign immunity under the Eleventh Amendment, the Court is not required to resolve the question of sovereign immunity before determining whether Plaintiff's claims against LSU Bogalusa are fraudulently joined. R. Doc. 26 at 8. The Court also concluded that there was a community of interest between Tucker's claims against LSU Bogalusa and Trustmark, such that the two claims are not misjoined.

The Court also addressed the question of fraudulent joinder. To defeat Hartford's allegations of fraudulent joinder, Tucker must demonstrate that he has a "reasonable possibility of recovery" against LSU Bogalusa. R. Doc. 26 at 11. To prevail on his alternative claims, Tucker must demonstrate (1) that he is not disabled, and (2) has a right to employment with LSU Bogalusa. Tucker appears to claim he was wrongfully terminated by LSU in 2010. An at-will employee's claim for wrongful termination prescribes one year from the date of termination. Thus, if he was an at-will employee, his claim against LSU Bogalusa has prescribed. A prescribed claim is insufficient to defeat a claim of fraudulent joinder.

However, if Tucker had an employment contract entitling him to just-cause protection, the claim would be governed by a ten-year prescriptive period. Thus, if Tucker is not disabled *and* had an employment contract which provided just cause protection, his claim against LSU Bogalusa is timely and he may have a "reasonable possibility of recovery," which would defeat allegations of fraudulent joinder. R. Doc. 26 at 11.

3

In order to determine whether the claim was fraudulently joined, the Court ordered the parties to conduct limited jurisdictional discovery regarding Tucker's contractual protection while an employee at LSU Bogalusa. R. Doc. 26 at 13. This evidence was to be entered into the record on August 25, 2016. R. Doc. 26 at 13. This deadline was subsequently continued until September 25, 2016. R. Doc. 31.

## II. PRESENT MOTION

After the Court's Order directing the parties to conduct additional jurisdictional discovery regarding Tucker's employment with LSU Bogalusa, the parties submitted supplemental memoranda addressing whether LSU Bogalusa was fraudulently joined. It is now appropriate to focus on the Plaintiff's Motion to Remand.

### A. Hartford Defendants' Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand (R. Doc. 33)

On September 25, 2016, Hartford filed this supplemental motion and evidence to support the argument that Plaintiff was an at-will employee because no contract existed between Tucker and LSU Bogalusa. R. Doc. 33 at 2. Defendants submit a Declaration from Kathy Townsend, the Director of Human Resources and Payroll for the entity which managed LSU Bogalusa at the time of Tucker's employment. R. Doc. 33-1. In the Declaration, Ms. Townsend explains that "[a]t all times during his employment, Dr. Tucker was an unclassified employee of the State of Louisiana and, therefore, an "at will" employee. At no time during his employment with [LSU Bogalusa] did Dr. Tucker have a contract for that employment . . ." R. Doc. 33-1 at 2. Additionally, Defendants submit LSU Bogalusa's response to Plaintiff's requests for admission, which admits "that Dr. Tucker did not have a written contract with the State of Louisiana and/or

4

LSU Bogalusa Community Medical Center." R. Doc. 33-2 at 2. Defendants contend that this affidavit demonstrates that Tucker did not have an employment contract. R. Doc. 33 at 3.

Instead, Defendants contend that Tucker was an unclassified employee of LSU Bogalusa, and under Louisiana law, such employment can be terminated at will. R. Doc 33 at 3 (citing *Lague v. St. Charles Parish Police Jury*, 363 So. 2d 1240, 1241 (La. App. 4th Cir. 1978); *see also Guillory v. St. Landry Parish Police Jury,* 802 F.2d 822, 825 (5th Cir. 1986) ("Unclassified public employees may be discharged without cause."). According to Defendants, if there is any ambiguity regarding an employment contract, the employment should be considered at will. R. Doc. 33 at 3.

Finally, Defendants argue that Plaintiff's evidence does not demonstrate Tucker had an employment contract. R. Doc. 33 at 4. First, Defendants aver that Plaintiff's deposition of Dr. Joyner, who testifies to both the existence and terms of Tucker's employment contract, cannot be considered because it violates the best evidence rule. R. Doc. 33 at 4. Next, Defendants contend that the employment manual Plaintiff submitted is not an employment contract—both because the manual expressly disclaims that it is not a contract and because Fifth Circuit precedent demonstrates Louisiana Courts are "quite reluctant to find that employment manuals create contractual rights." R. Doc. 33 at 6 (citing *Wallace v. Shreve Mem'l Library*, 79 F.3d 427, 431 (5th Cir. 1996)). Finally, Defendants argue that even Dr. Joyner's testimony establishes that Tucker's employment was for an indefinite term, and therefore he was an at-will employee who could be terminated for cause at any time. R. Doc. 33 at 8. Thus, according to Defendants, any claim—if one existed—against LSU Bogalusa has prescribed and therefore, they are improperly joined, and Plaintiff's motion seeking remand should be denied.

    **B. Plaintiff's Supplemental Memorandum in Support of Motion to Remand (R. Doc. 34)**

On September 26, 2016, Plaintiff filed a supplemental memorandum and evidence in support of his motion to remand. R. Doc. 34. First, Plaintiff argues that Defendants have the burden of proving Plaintiff has no possibility of recovery on his breach of contract claim, and they have failed to meet that burden. R. Doc. 34 at 1. Second, Plaintiff clarifies that he has two claims against his former employer—a wrongful termination claim and a claims based on a supposed ten-year right to re-employment if the Court determines he is not disabled. R. Doc. 34 at 2. Finally, Plaintiff asserts that Tucker did have a valid employment contract with LSU Bogalusa, demonstrating he has a real possibility of recovery and LSU Bogalusa is not fraudulently joined. R. Doc. 34 at 2.

Plaintiff relies on Dr. Joyner's deposition to establish Tucker had both a written employment contract and a right to re-employment within ten years of termination. R. Doc. 34 at 2. According to Plaintiff, Dr. Joyner's testimony is supported by the employment manual, which provides that permanent employees have a ten-year right to return to their employment. R. Doc. 34 at 3. Thus, Plaintiff argues that if the Court determines that Tucker is not, or is no longer, disabled he has a right to return to his previous employment. R. Doc. 34 at 3.

Finally, Plaintiff asserts that Dr. Joyner was his supervisor and therefore had the right to "describe and explain in a binding manner, the various rights under Dr. Tucker's employment contract." R. Doc. 34 at 4.[4] According to Plaintiff, not only did Dr. Joyner have the right to create contractual employment rights, but also a ten-year right of re-employment. R. Doc. 34 at 5. Plaintiff avers that he has a reasonable possibility of recovering against LSU Bogalusa not only on the basis of a breach of contract, but also by enforcing this ten-year reemployment

---

[4] Plaintiff does admit that on cross-examination, Dr. Joyner's testimony was "softened" when defense counsel suggested "Dr. Joyner did not have the right to change . . . contract rights and responsibilities under [Tucker's] employment contract." R. Doc. 34 at 4.

6

provision. R. Doc. 34 at 5. Therefore, he argues LSU is properly joined, destroying diversity jurisdiction, and this case must be remanded to state court.

### III. DISCUSSION

Initially, Tucker raised issues of sovereign immunity, fraudulent joinder, and fraudulent misjoinder in this case. The Court has already issued a ruling addressing sovereign immunity and fraudulent misjoinder. See R. Doc. 26. Thus, it is only necessary to address the issue of fraudulent joinder at this time.

A party may be fraudulently joined if there is actual fraud in the pleading of jurisdictional facts, or if the plaintiff is unable to establish a cause of action against the non-diverse party in state court. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004). The parties agree that the present motion only concerns the latter form of fraudulent joinder. District courts engaging in this type of fraudulent joinder inquiry must determine if there is no "reasonable possibility of recovery" against the non-diverse defendants. *Kling*, 575 F.3d at 515. In other words, "[i]f there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). "[T]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 574. When evaluating whether a plaintiff has a reasonable basis of recovery under state law, courts in the Fifth Circuit "conduct a Rule 12(b)(6)-type analysis," examining whether there is a viable state law claim against the non-diverse defendant. *Smallwood*, 385 F.3d at 573. In rare cases involving defective allegations in pleadings, a district court may pierce the pleadings and conduct a summary-judgment type inquiry. *Id.* Where courts choose to pierce the pleadings, the

party asserting fraudulent joinder must provide evidence that "negate[s] the possibility" that the non-diverse party may be held liable.

Hartford presents two theories of fraudulent joinder: either Tucker pled insufficient facts to satisfy the elements of his claims or Tucker's claims are prescribed under Louisiana law. A claim against a non-diverse defendant is fraudulently joined if there is no "reasonable possibility of recovery . . . ." *Kling*, 575 F.3d at 516. The Court's analysis therefore hinges on whether the facts as alleged by Tucker state a viable claim. *Smallwood*, 385 F.3d at 573. To have a viable claim, Tucker must demonstrate "a reasonable possibility of recovery, not merely a theoretical one." *Botnick v. Vigilant Ins. Co.*, No. CIV A 06-2595, 2006 WL 2947912, at *2 (E.D. La. Oct. 13, 2006) (Vance, J.)

First, the Court must note that neither party alleges that Tucker is not disabled. Tucker asserts that he has narcolepsy, and therefore is entitled to disability benefits. Hartford claims that he does not have narcolepsy but is instead bipolar, which disqualifies Tucker from receiving disability benefits under the policy in question. Nonetheless, Tucker seeks to recover under an alternative theory against LSU Bogalusa for breach of contract. To prevail on this claim, Tucker will need to demonstrate not only that he is not disabled, but also that he had an employment contract which entitled him to just cause protection. Neither party has stated a single fact to support a finding that Tucker is not disabled. Thus on these grounds alone, Tucker's does not appear to have a "reasonable possibility of recovery" against LSU Bogalusa.

However, assuming Tucker is able to demonstrate he is not disabled, he must still establish he was entitled to just-cause protection as an employee at LSU Bogalusa. In this Court's June 24, 2016 Order, the Court determined that Tucker was attempting to plead a wrongful discharge claim, yet failed to establish whether he was a contractual or at-will employee at LSU Bogalusa. Thus, the Court ordered the parties to conduct limited jurisdictional

8

discovery to inquire into Tucker's contractual standing with LSU Bogalusa. In so ordering, the Court emphasized that subject matter jurisdiction in this case was dependent on the existence of an employment contract providing just-cause protection. If Tucker was entitled to just-cause protection, his claim is not prescribed and he may have a "reasonable possibility of recovery." *Kling*, 575 F.3d at 516. A "reasonable possibility of recovery" defeats a claim of fraudulent joinder. *Id.* However, if Tucker did not have an employment contract and was an at-will employee, he does not have a cognizable claim against LSU Bogalusa because any such claim is prescribed.

As discussed previously, under Louisiana law employment is "at will" unless there is a specific statutory requirement or the parties expressly contracted to limit the conditions of termination. *Griffith v. Louisiana*, 808 F. Supp. 2d 926, 940 (E.D. La. 2011) (citing La. Civ. Code 2747); *see also Quebedeaux v. Dow Chem. Co.,* 01–2297, pp. 4–6 (La.6/21/02), 820 So.2d 542, 545–46 ("When the employer and employee are silent on the terms of the employment contract, the civil code provides the default rule of employment-at-will . . . ."). Further, an at-will employee may be discharged "without assigning any reason for so doing." La. Civ. Code 2747; *see also Guillory v. St. Landry Par. Police Jury*, 802 F.2d 822, 825 (5th Cir. 1986) (holding that unclassified public employees may be discharged without cause). However, pursuant to Article 2749 of the Louisiana Civil Code, an employee with a fixed term contract may not be terminated without good cause. *See Chandler v. Kenyan*, No. 38,084-CA. pp. 4–5 (La. App. 2 Cir. 12/19/03) 862 So. 2d 1182, 1184–85.

Based on the jurisdictional evidence, the Court finds that Defendants have demonstrated Tucker does not have a viable claim for breach of his supposed employment contract against LSU Bogalusa. First, the current LSU Bogalusa HR director stated that Tucker was an unclassified, at-will employee, who was not entitled to protective employment rights, and could

9

be terminated without cause. See R. Doc. 33-1 at 1. In its response to Hartford's request for admissions, LSU Bogalusa admitted that Tucker did not have a written contract with the hospital. R. Doc. 33-2 at 2. In Dr. Joyner's deposition, he explained that Tucker was an unclassified employee, and the employee handbook states that unclassified employees are not protected by the Civil Service Rules. R. Doc 33-3; R. Doc. 3-4.

Tucker argues that Dr. Joyner's testimony is sufficient to establish Tucker had an employment contract. However, despite Dr. Joyner's testimony that he believed Tucker had an employment contract, he was not able to produce it, or recall anyone ever signing this contract. Further, Dr. Joyner's testimony was that Tucker would have had "the standard employment contract that all unclassified civil service employees" had with the hospital. However, he could not recall watching Tucker sign the contract, or whether anyone at LSU Bogalusa had signed such a contract. This testimony is insufficient to contradict LSU Bogalusa's declaration that Tucker does not, and did not, have an employment contract. Thus, the Court finds that Tucker was an at-will employee, and cannot recover against LSU Bogalusa on the basis of breach of the employment contract.

Next, the Court must determine whether Tucker is entitled to recover against Defendants because of the termination of his at-will employment. Article 3492 of Louisiana's Civil Code governs actions for wrongful discharge of at-will employment relationships, and provides for a one-year prescriptive period. *See Jones v. Orleans Par. Sch. Bd.,* 688 F.2d 342 (5th Cir.1982), *cert. denied,* 461 U.S. 951 (1983). In contrast, a personal action for breach of contract, such as a termination in violation of just cause protection, sounds in the ten-year prescriptive period of Article 3499. *See Roger v. Dufrene*, 613 So. 2d 947, 948 n.5 (La. 1993). Tucker's employment with LSU Bogalusa was terminated some time in 2010. R. Doc. 8-1 at 9. Tucker filed his action on March 23, 2016. The one-year prescriptive period began to run on the

date of his termination. Therefore Tucker's claim has prescribed and he has no possibility of recovery against LSU Bogalusa for wrongful termination of his at-will employment.

Finally, Tucker asserts that even if the Court determines he was an at-will employee, he still has a viable claim against LSU Bogalusa based on his ten-year right to re-employment. According to Tucker, the employment manual provides that all employees who were not terminated for cause "retain reemployment privileges for ten years." R. Doc. 34-2 at 9. "Employees terminated for a disability retain non competitive re-employment rights for up to ten years." R. Doc. 34-2 at 10. Further in the manual, it explains that unclassified employees who resign are "eligible for re-employment without having to take civil service exam or be included on a list of eligible employees." R. Doc. 34-2 at 10. Thus, Tucker avers that if he is found not to be disabled, LSU Bogalusa must reinstate him to his former position.

However, this argument is insufficient to defeat Defendant's claim of fraudulent joinder. First, these statements do not conclusively establish that Tucker is entitled to an absolute right to employment. Instead, construing the facts in the light most favorable to Plaintiff, they indicate that *if* Tucker is no longer disabled, and *if* Tucker re-applies for his former position at LSU Bogalusa, and *if* LSU Bogalusa does not re-hire him, Tucker may have a claim against LSU Bogalusa based on this ten-year right to re-employment. This chain of events leading to theoretical recovery is insufficient to demonstrate "a reasonable basis for predicting that state law might impose liability on the facts involved." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see also Botnick*, 2006 WL 2947912, at *2 (holding a claim must provide "a reasonable possibility of recovery, not merely a theoretical one" to defeat allegations of fraudulent joinder). Thus, the Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged" to defeat a claim of

11

fraudulent joinder. *Smallwood,* 385 F.3d at 573. Because Tucker does not have a viable claim against LSU Bogalusa, the Court finds that the state defendant was fraudulently joined.

## IV. CONCLUSION

**IT IS ORDERED** that Plaintiff Tucker's Motion to Remand, R. Doc. 8, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Tucker's claim for breach of his employment contract against the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College is **DISMISSED** with prejudice. However, this ruling does not preclude the possibility of recovery based on claims against the Hartford Defendants.

**IT IS FURTHER ORDERED** that Defendants' Motions to Strike, R. Docs. 14, 35, are **DISMISSED AS MOOT.**

New Orleans, Louisiana this 3rd day of November, 2016.

_____
UNITED STATES DISTRICT JUDGE